UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**CARL L. BRECKENRIDGE,**
      **Plaintiff**

**v.**                   **Civil Action Number**
                       **3:06CV239-J**

**MICHAEL J. ASTRUE, Commissioner**
 **Of Social Security,**
      **Defendant**

## MEMORANDUM OPINION

   This matter is before the Court on plaintiff Carl Breckenridge's challenge to the decision of the defendant Commissioner denying his claim to Supplemental Security Income payments . After examining the materials of record, the arguments of the parties and applicable authorities, the Court is of the opinion that the decision of the Commissioner should be vacated and the matter should be remanded for further administrative proceedings.

   Mr. Breckenridge filed his application on April 16, 2004, alleging that he had been unable to engage in any substantial gainful employment since March 13, 2004.  After a hearing, the Administrative Law Judge ("ALJ") determined that Mr. Breckenridge's degenerative disc disease and carpal tunnel syndrome were severe impairments that prevented him from performing any of his past relevant work.  The ALJ further found that Mr. Breckenridge retained the residual functional capacity for performing a significant range of light work.

   The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by an error of law, and to determine whether substantial evidence

supports the decision of the Commissioner. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. N.L.R.B. v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). The substantial evidence standard presupposes that there is a "zone of choice within which the decisionmakers can go either way," and this Court is not permitted to reverse a decision merely because substantial evidence would have supported the contrary decision. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986).

Plaintiff contends that the ALJ committed legal error by failing to evaluate and weigh all medical evidence. In particular, the records and opinions of treating physician Dr. Davis regarding his diagnosis of myofascial pain syndrome were dismissed without explanation. Dr. Davis explained what myofascial pain syndrome is (Tr. 281-282, 290), how it is objectively diagnosed (Tr. 284-285), how it is treated (Tr. 283) , what intense and distracting pain it causes (Tr. 290), that Mr. Breckenridge continues to suffer and will continue to suffer severe pain (Tr. 284), and that the physical limitations imposed by his impairment are far more restrictive than "light work" (Tr. 292-293). Dr. Davis put it very succinctly: "[H]e's going to hurt bad enough that he can't function .... [I]n a four to five, you can – you can function; think, concentrate, and do these sort of things. But when you get to a six, seven eight, this is severe pain, which precludes and interferes with concentration and ability to function." Tr. 294.

The ALJ disregarded this information without comment. The treating physician's diagnosis of myofascial pain disorder was not identified as a severe impairment, and the ALJ's discussion of Dr. Davis' opinions focused solely on Mr. Breckenridge's carpal tunnel syndrome,

which was plainly a separate impairment.

Myofascial pain syndrom is a variant of fibromyalgia (See Merck Manual Online Medical Library). The Commissioner did not have the benefit of the recent case of <u>Rogers v. Commissioner of Social Security</u>, __F.3d__, 2007 WL 1501302 (6th Cir. May 24, 2007), which discussed the elevated importance of treating physician opinion in cases of fibromyalgia. In that case, like this one, the ALJ had relied on opinions of non-treating physicians; in that case, like this one, the ALJ had minimized the significance of the opinions of the physicians who treated the plaintiff for fibromyalgia. In those circumstances, the Sixth Circuit held that the ALJ had failed to accord to the treating physician's opinion the proper weight and that substantial evidence could not be said to support the decision. The court observed that "in all cases there remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference," even if that opinion does not qualify for controlling weight.

Because of the special circumstances presented by a fibromyalgia diagnosis, the ALJ must be especially careful to apply the proper tests and procedures in weighing treating source opinion and in weighing claimant credibility. In light of the discussion in <u>Rogers</u>, <u>supra</u>, the Court is unable to say that this occurred in this case. Consequently, remand is necessary for application of the appropriate standards.

An order in conformity has this day entered.